UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAR CORPORATION,

    Plaintiff,

v.

NHK SEATING OF AMERICA INC.,

    Defendant.

Case No. 2:13-cv-12937-LJM-RSW
Honorable Laurie J. Michelson

**ORDER DENYING WITHOUT PREJUDICE MOTION TO CONSOLIDATE [95]**

    Lear Corporation believes that NHK Seating of America Inc. has indirectly infringed five of its patents. Lear further believes that NHK Spring Company, LTD (a Japanese company) and NHK International, Inc. (NHK Spring's North American headquarters) helped NHK Seating of America indirectly infringe or that the two related companies indirectly infringed in their own right. But, according to Lear, when it filed suit against NHK Seating of America in 2013, it did not then know the extent of NHK Spring's and NHK International's involvement in the allegedly infringing conduct. So Lear did not name NHK Spring and NHK International in this lawsuit at that time. In September 2017, Lear sought to amend its complaint in this case to add NHK Spring and NHK International as defendants. The briefing on that motion was not complete until October 18, 2017. Four months passed and this Court had not ruled on the motion. So Lear filed a second lawsuit, naming NHK Spring and NHK International as defendants. That second suit was reassigned to this Court as a companion to the first.

    Lear asks this Court to combine its case against NHK Spring and NHK International with this one against NHK Seating of America. (ECF No. 95.)

Under Federal Rule of Civil Procedure 42, a court may consolidate cases if they involve common questions of fact or law (or both). But Lear acknowledges that commonality is merely a prerequisite for consolidation and that, ultimately, the decision to consolidate is committed to this Court's discretion. (ECF No. 95, PageID.3425); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court."). In this Court's view, the key considerations are (1) the efficiency gains for the parties, the witnesses, and the Court if the two cases are consolidated; (2) the prejudice to the three NHK entities if the two cases are consolidated; and (3) the prejudice to Lear if the two cases are not consolidated. *See Walters v. Swim*, 103 F.3d 132 (6th Cir. 1996) ("[W]e note that there was no apparent abuse of discretion[,] . . . as appellants have not shown that they were prejudiced by the failure to consolidate the cases.").

As it stands, the briefing does not adequately address these three considerations. Much of the current briefing focuses on NHK Seating of America's alleged discovery obstruction, NHK Seating of America's alleged failure to disclose to Lear the extent of NHK Japan's and NHK International's involvement in infringing conduct, whether the three NHK entities (or some combination of two of them) are "alter egos," and whether Lear should be equitably estopped from pursuing infringement claims against NHK Japan and NHK International. But NHK Seating of America's *past* discovery production and *past* non-disclosure of NHK Japan's and NHK international's roles does not give the Court much insight into whether it would be efficient to litigate the two cases together moving forward. Nor does it tell the Court much about which parties will be prejudiced from consolidating or not consolidating. As for whether the NHK entities are "alter egos," Lear raises the issue but then (twice) says in its reply brief that "this consolidation

motion will not adjudicate the alter ego question." (ECF No. 102, PageID.3548; *see also id.* at PageID.3549 ("While not at issue in this motion to consolidate . . . .").) Finally, the Court has recently decided that a reasonable jury could find that NHK Japan and NHK International did not rely to its detriment on Lear's accusation-turned-silence and so they are not entitled to equitable estoppel as a pure matter of law.

True, the current briefing does address to some extent the three factors this Court is most interested in. But not at much depth. (ECF No. 99, PageID.3485–3486; ECF No. 102, PageID.3547.)

And—although no fault of any party—the briefing on efficiencies and prejudice is now stale. For instance, when Lear moved to consolidate, it sought to extend the discovery period in this case (the case against NHK Seating of America) by 120 days. (ECF No. 95, PageID.3435.) But the initial fact discovery in this case is now closed (*see* ECF No. 66) and it is not clear whether any party wanted to reopen fact discovery post claim construction (ECF No. 76). Moreover, some discovery was conducted in Lear's case against NHK Japan and NHK International so it is not clear whether, if consolidated, 120 days of discovery would be necessary. Nor is it clear, as NHK Seating of America suggests, that "substantially" more than 120 days would be necessary. (ECF No. 99, PageID.3485.)

As another example of changed circumstances that bear on efficiency and prejudice, after the briefing on consolidation was complete, NHK Seating of America moved for summary judgment of non-infringement. And it appears that the Special Master's report on that motion will be issued shortly. Yet Lear, the party that seeks consolidation, now indicates that it might have different infringement contentions against NHK Japan and NHK International. (*See* Case No. 18-10613, ECF No. 43.) But if Lear is permitted different infringement contentions, it would seem

that NHK Japan and NHK International may have a different motion for summary judgment than the one NHK Seating of America filed.

And generalizing the issue with infringement contentions, the present briefing does not make clear which Court determinations would be binding on all parties if the cases are consolidated. For instance, do the parties agree that NHK Japan and NHK International are bound to NHK Seating of America's proposed claim constructions?

In short, the Court will DENY without prejudice to refiling Lear's motion to consolidate. The parties are to meet and confer and discuss the efficiency gains (for the parties, witnesses, and the Court) of consolidating the cases as opposed to keeping them separate—given the current status of the two cases. Each side is to explain anticipated prejudice from consolidation and the anticipated prejudice from keeping the cases separate—given the current status of the two cases. The parties should also discuss different levels of consolidation: just for discovery, just for motions, just for trial, or some combination of the three. Following the meet and confer, the parties are to request a telephone conference with the Court to discuss the benefits and drawbacks to consolidation. Following the conference, the Court may decide to consolidate the cases, keep them separate, or request briefing on the issue.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: March 18, 2019

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 18, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                  s/William Barkholz
                                  Case Manager