UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEAR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>NHK SEATING OF AMERICA INC.,<br>NHK SPRING COMPANY, LIMITED,<br>and<br>NHK INTERNATIONAL INC.,<br><br>    Defendants. | Case No. 13-12937<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER REGARDING SPECIAL MASTER'S
REPORT AND RECOMMENDATION [273]**

Lear Corporation holds patents covering active-headrest-restraint technology. The patented technology reduces whiplash during a vehicle crash by moving the headrest. Lear believes that NHK Seating of America, NHK Spring Company, and NHK International ("the NHK Companies") make products that infringe several of its active-headrest-restraint patents.

After years of litigation, the dispositive motion phase of this case is nearly complete. In particular, the parties moved for summary judgment on a host of issues, and the Court resolved many of them. *See Lear Corp. v. NHK Seating of Am. Inc.*, No. 13-12937, 2022 WL 876021, 2022 WL 870834, 2022 WL 866393 (E.D. Mich. Mar. 23, 2022) (addressing, among other things, summary-judgment motions relating to damages, inequitable conduct, and the on-sale bar). But there were also many issues based on the underlying technology, and the Court referred those to Special Master

Joseph Berenato, III. (ECF No. 267.) He issued a thorough report and recommendation (ECF No. 273) and also considered input from the parties regarding his report and recommendation (ECF No. 274).

Except for a single determination, the parties do not ask this Court to review specific findings by Special Master Berenato. Instead, both sides object for the purpose of preserving their positions for future appeal. (*See* ECF No. 275, PageID.16985; ECF No. 276, PageID.17188.)

Lear makes one objection to the report and recommendation that it asks this Court to address. According to Lear, at the hearing before the Special Master, the NHK Companies made an indefiniteness argument that they had not made before. Because Lear's summary-judgment brief did not address this argument, the Special Master believed that it was beyond the scope of what had been referred to him. Thus, the Special Master neither addressed the merits of the NHK Companies' argument nor found it forfeited. Lear objects that it broadly sought summary judgment on the NHK Companies' indefiniteness defense and that the Special Master should have found the NHK Companies' new argument untimely. (*See* ECF No. 276, PageID.17190–17191.)

As explained below, the Court agrees with Lear that the indefiniteness argument the NHK Companies raised at the hearing before the Special Master is untimely. Thus, the Court finds it forfeited. The Court therefore sustains Lear's objection and adopts Special Master Berenato's report and recommendation with only limited modification.

I.

A.

Some background information tees up Lear's objection.

Among other patents, Lear has asserted that the NHK Companies' products infringe U.S. Patent No. 6,655,733 (the '733 patent) and, in particular, Claim 15 of the '733 patent. (*See* ECF No. 113-12, PageID.3974.) Claim 15 includes the language of Claim 10 (or, in patent speak, inherits Claim 10's limitations). As relevant to Lear's objection, Claim 10 includes a "headrest arrangement" and "a seatback" with "the headrest arrangement having . . . at least one of a guide member and a follower" and "the seatback having the other at least one of a guide member and follower . . . ." U.S. Patent No. 6,655,733 col. 12 ll. 56–65 (filed Jun. 28, 2002).

The '733 patent provides examples of a "headrest arrangement having . . . at least one of a guide member and a follower" and a "seatback having the other at least one of a guide member and follower." The figure below on the left from the '733 patent shows headrest arrangement 14 and a guide member 21 connected to the seatback frame; the figure on the right shows a side view, cross section of the guide member 21 and also a follower, itself made up of a front portion 41 and a back portion 43.



As suggested by the figures, the guide member and the follower are complementary pieces in that the guide member has a channel (or "guideway") that the follower is meant to move through. *See* U.S. Patent No. 6,655,733 col. 6 ll. 66–67, col 7, ll. 1–65 (filed Jun. 28, 2002).

According to the NHK Companies, Claim 10 of the '733 patent is invalid because it is indefinite. (*See* ECF No. 226-1, PageID.7446; ECF No. 226-2, PageID.7695.) To oversimplify a bit, if a product falls within a claim's scope, it infringes the patent. For this reason, for a claim to be valid, its scope needs to be relatively clear, i.e., definite. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909 (2014) (balancing the "inherent limitations of language" with the need for a patent to "afford clear notice of what is claimed, thereby apprising the public of what is still open to them" (internal quotation marks and alterations omitted)). So if a person with ordinary skill in the field reads the patent's prosecution history, the patent's specification, and the claim, and still cannot be reasonably certain about the claim's scope, then the claim is indefinite and, thus, invalid. *See Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1346 (Fed. Cir. 2022). Invalid claims cannot be infringed.

As will be explained in greater detail below, this Court requires accused infringers, here the NHK Companies, to tell the patent holder, here Lear, why they believe a particular claim is invalid. This includes invalidity based on indefiniteness. This detailed disclosure is referred to as "invalidity contentions."

In the NHK Companies' final invalidity contentions, they asserted that Claim 10 of the '733 patent is indefinite for two reasons. For one, the NHK Companies argued that Claim 10 failed to adequately define the term "headrest arrangement." In their view, the '733 patent described the headrest arrangement as, on the one hand, including a seatback but, on the other hand, attached to the seatback. (*See* ECF No. 226-1, PageID.7447; ECF No. 226-2, PageID.7696.)

Second (and more important for present purposes), the NHK Companies focused on the following language of Claim 1 of the '733 patent: "the headrest arrangement having one of a guide member and a follower; the seatback having the other one of a guide member and follower." (ECF No. 226-1, PageID.7448.) (Claim 1 has similar language to Claim 10, except that Claim 10 includes the phrase "at least.") In their contentions, the NHK Companies asserted that this language meant that "a certain structure is part of or connected to the seatback" and "another structure is part of or connected to the headrest arrangement." (*Id.*) But, argued the NHK Companies, Lear had "conflate[d] these requirements by contending that everything is part of and connected to everything else." (*Id.*) In the NHK Companies' view, the way Lear was applying the claim language to the accused product "render[ed] the claims invalid for indefiniteness." (*Id.*) To illustrate this point, the NHK Companies included in their invalidity contentions a photo of the accused device that Lear marked up to identify the "guide member," "follower," and other language of the claims of the '733 patent. (*See* ECF No. 226-1, PageID.7449.) The NHK Companies

5

contended that under Lear's mapping of the claim language to the accused product, "[t]here is no clear boundary of which element is part of which other element." (*Id.*)

More than a year after the NHK Companies served their final invalidity contentions, Lear moved for summary judgment on a host of the NHK Companies' affirmative defenses, including that Claim 10 of the '733 patent is indefinite. In doing so, Lear primarily addressed the argument made in the NHK Companies' final contentions. In particular, Lear argued that "by focusing on [its] 'application' of the claim to the accused product, NHK is not raising a genuine indefiniteness issue. Lear's 'application' of the claim to the accused product is an infringement issue, not an indefiniteness issue." (ECF No. 238, PageID.11272.)

In responding to Lear's motion for summary judgment, the NHK Companies made several, related points. For one, the NHK Companies presented a win-win argument: if Lear's application of the language of Claim 10 onto the accused product was correct (such that the product infringed), then the language of Claim 10 is so pliable that it is indefinite, and, alternatively, if the language is well-defined, then there was no plausible way to map the language onto the accused product such that it infringes. (*See* ECF No. 249, PageID.12025–12026.) Referring to another photo of the accused product annotated by Lear, the NHK Companies also argued that what Lear had identified as the guide member and follower were both part of the headrest arrangement whereas the claim language required one piece to be part of the headrest arrangement and the complementary piece to be part of the seatback. (ECF No. 249, PageID.12029.) The NHK Companies concluded, "if Lear is correct that the

6

claimed requirement could somehow be interpreted to cover seats where both the 'guide member' and the 'follower' were part of the claimed 'headrest arrangement,' (and thus [not] part of the seatback or frame), then the scope of the claims do not have 'reasonably certainty' as required for definiteness." (ECF No. 249, PageID.12030.)

The Court referred Lear's motion for summary judgment on the NHK Companies' indefiniteness defense to the '733 patent (as well as other issues) to Special Master Joseph W. Berenato, III. (ECF No. 267.)

At the hearing before the Special Master, the NHK Companies expressly withdrew their indefiniteness theory based on Lear's application of the language of the asserted claim to the accused product. (*See* ECF No. 276-2, PageID.17236; ECF No. 276-2, PageID.17232; ECF No. 276-5, PageID.17338.) But the NHK Companies nonetheless maintained an argument that the claim is indefinite. Focusing on Claim 10's language, "the headrest arrangement having . . . *at least* one of a guide member and a follower," the NHK Companies argued that "at least" allowed the headrest arrangement to have both the guide member and the follower; but, their argument continued, if the headrest had both the guide member and the follower, then it would be "physically impossible" for the seatback to have "the other" of the guide member and the follower. (ECF No. 276-2, PageID.17232; *see also* ECF No. 276-4, PageID.17336.) Yet Claim 10 states, "the seatback having *the other* at least one of a guide member and follower." U.S. Patent No. 6,655,733 col. 12 ll. 62 (filed Jun. 28, 2002) (emphasis added). So, argued the NHK Companies, Claim 10 "recites a physical impossibility within its scope. And for that reason, it's indefinite on its face, putting

7

aside Lear's application [of the claim] to the NHK products." (ECF No. 276-2, PageID.17232; *see also* ECF No. 276-4, PageID.17336.) As this Court understands it, the NHK Companies essentially argued that the language of Claim 10 is internally inconsistent and thus, indefinite. But because the NHK Companies have referred to this indefiniteness theory as the "physically impossible" argument, the Court will refer to it in that way too.

At the hearing, Lear responded to this physically impossible argument by telling the Special Master that "[f]or the first time today, NHK apparently has a new theory of indefiniteness." (ECF No. 276-2, PageID.17233.) It was Lear's position that the NHK Companies had not made this argument in their response to its motion for summary judgment; and, said Lear, "it doesn't look like it was in their contentions." (*Id.*) Thus, from Lear's perspective, the NHK Companies' indefiniteness theory was "waived." (*Id.*) (To be hyper-technical, the better term is "forfeited." *See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432 n.6 (6th Cir. 2022) (explaining that "forfeiture" is the "failure to make the timely assertion of a right" whereas "waiver" is the "intentional relinquishment or abandonment of a known right").)

In post-hearing emails to the Special Master, the parties debated whether he should address the physically impossible argument. Lear claimed that the NHK Companies' invalidity contentions and their summary-judgment response brief omitted the argument and so it had been waived. (ECF No. 276-5, PageID.17339.) In response, the NHK Companies explained that in seeking summary judgment, Lear only addressed their indefiniteness argument based on Lear's application of the claim

8

language to the accused product, and so they simply responded to that argument in their brief. (ECF No. 276-5, PageID.17338.) The NHK Companies further told the Special Master, "If you determine that this part of Defendants['] defense is outside the scope of Lear's motion, then it need not be decided at this stage. But in order to rule that '733 claim 10 is not indefinite as a matter of law, we respectfully submit that the impossible claim language must be addressed." (ECF No. 276-5, PageID.17338.)

Ultimately, the Special Master did not address the NHK Companies' physically impossible theory of indefiniteness. He stated, "Defendants allege that claim 10 of the '733 Patent is indefinite because it recites a physical impossibility. I do not address that indefiniteness issue, because it is outside the scope of Lear's Motion. In its Motion, Lear moved for summary judgment only . . . to the extent that [the indefiniteness] defense is based on Lear's application of the claims to the accused product." (ECF No. 273, PageID.16944.) The Special Master also made "no recommendation regarding whether Defendants have waived that defense, as Lear has suggested." (*Id.*)

B.

Now, to Lear's objection.

According to Lear, the NHK Companies did not present their "physically impossible" theory of indefiniteness in their final invalidity contentions. (*See* ECF No. 276, PageID.17193, 17196–17197.) And, according to Lear, the NHK Companies did not present that theory in their brief opposing summary judgment. (*See* ECF No. 276,

9

PageID.17191, 17195–17196.) Thus, in Lear's view, "NHK's new argument should be dismissed as being untimely and summary judgment [on the issue of whether the language of Claim 10 is indefinite] should be granted." (ECF No. 276, PageID.17189.) And, says Lear, if the Court finds that the NHK Companies did not forfeit their "physically impossible" theory of indefiniteness, it should have a chance to brief the issue on the merits. (*See id.* at PageID.17190.)

## II.

The Court referred matters to the Special Master under Federal Rule of Civil Procedure 53. (ECF No. 267, PageID.16708.) And with exceptions not applicable here, Rule 53(f) requires this Court to "decide de novo" "all objections" to findings of fact or conclusions of law "made or recommended by a master."

That standard does not fit very well here, though. The Special Master made no findings on the merits of the NHK Companies' "physically impossible" theory of indefiniteness. And the Special Master made no findings that the theory was forfeited. Accordingly, there is really no finding by the Special Master for this Court to review. (Other than, perhaps, his conclusion that the "physically impossible" theory was beyond the scope of what this Court referred to him to decide; but resolving that issue would do little to advance the litigation.)

As such, the Court addresses the NHK Companies' "physically impossible" indefiniteness argument and whether they forfeited that argument as if the two issues had been presented to this Court in the first instance.

### III.

The Court begins with Lear's claim that the NHK Companies' "physically impossible" argument is forfeited.

In a non-patent case, it might be common for an answer to simply list an affirmative defense in a perfunctory manner and then for a summary-judgment brief to flesh out the defense. But in patent cases, this Court requires more substance up front. In particular, this Court's case-management order for patent cases requires a defendant to provide the patent holder with invalidity contentions, which include "a detailed statement of any grounds of invalidity based on . . . indefiniteness." (ECF No. 43, PageID.426.) As the Court said earlier in this case, invalidity (and infringement) contentions "force each side to show its cards: the patent holder shows in detail how the accused device meets each claim limitation and the accused infringer shows in detail how the claim is invalid." *Lear Corp. v. NHK Seating of Am. Inc.*, No. 2:13-CV-12937, 2020 WL 1815876, at *2 (E.D. Mich. Apr. 10, 2020); *see also Lear Corp. v. NHK Seating of Am. Inc.*, No. 13-12937, 2022 WL 866393, at *1 (E.D. Mich. Mar. 23, 2022). "And to ensure that the aims of early, detailed disclosure [are] not undermined, it ma[kes] sense to restrict the parties' ability to swap out their cards for new ones late in the game." *Lear*, 2020 WL 1815876, at *2. Thus, this Court requires that, absent extensions, final contentions be served about six months after entry of the case-management order. *See id.* And final contentions can be amended "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made within 14 days upon discovery of the basis for the

11

amendment." (ECF No. 43, PageID.428.) Here, although the NHK Companies were permitted to amend their final invalidity contentions, their contentions as to the '733 patent were final over a year, perhaps two, before Lear sought summary judgment. (*See* ECF No. 182-8, PageID.6440–6443, PageID.6466 (redline of a version of the final invalidity contentions served on May 2020); *see also* ECF No. 155, PageID.5502 (setting November 2019 deadline for final invalidity contentions).)

So the forfeiture question turns on whether the NHK Companies' final invalidity contentions gave Lear adequate notice of the indefiniteness argument that they later raised in their summary-judgment response brief and at the summary-judgment hearing before the Special Master. If the NHK Companies' summary-judgment arguments differ too much from their final invalidity contentions, then they would be impermissibly "swap[ping] out their cards for new ones late in the game." *Lear*, 2020 WL 1815876, at *2; *see also Medline Indus., Inc. v. C. R. Bard, Inc.*, No. 14 C 3618, 2020 WL 10485718, at *2 (N.D. Ill. Jan. 8, 2020) (providing that the purpose of the local patent rules, including contentions, is to force "the parties to crystallize their theories of the case early in litigation" and that "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions").

On the one hand, some facts suggest that the NHK Companies' summary-judgment arguments were, at their core, the same as the ones they presented in their final invalidity contentions. First, in their contentions, the NHK Companies asserted that the language, "the headrest arrangement having one of a guide member and a

12

follower; the seatback having the other one of a guide member and follower," is indefinite. (ECF No. 226-1, PageID.7448.) And at summary judgment, the NHK Companies continued to assert that similar claim language relating to the location of the guide member and follower is indefinite. (ECF No. 249, PageID.12027–12028; ECF No. 276-4, PageID.17336.) Second, in their contentions, the NHK Companies argued that Lear's identification of the guide member and follower on the accused product failed to respect the requirement that one complementary piece be part of the headrest arrangement while the other complementary piece by part of the seatback. (*See* ECF No. 226-1, PageID.7448–7449.) At the summary-judgment hearing, the NHK Companies made a similar argument. The NHK Companies took the position that the claim language permitted the guide member and follower to both be part of the headrest arrangement (which, in their view, was how Lear had been applying the claim language), but, contradictorily, the claim language also required one complementary piece to be on the headrest arrangement and the other to be on the seatback. (ECF No. 276-2, PageID.17232; ECF No. 276-4, PageID.17336.)

On the other hand, other facts suggest that the NHK Companies' summary-judgment arguments were, at their core, not the same as the ones they presented in their final invalidity contentions. While close, the Court concludes that the NHK Companies' invalidity contentions did not give Lear adequate notice of the argument that they made at the summary-judgment hearing.

First, although a minor point, it appears that the NHK Companies' contention argument and summary-judgment argument were based on different starting

13

premises. In their contentions, the NHK Companies interpreted the claim language as requiring the headrest arrangement to have either the guide member or follower and the seatback to have the other. (*See* ECF No. 226-1, PageID.7448.) Indeed, that is consistent with what they said in their summary-judgment response brief: "The asserted '949 and '733 claims require that if the 'follower' is part of the headrest arrangement, then the 'guide member' must be part of the seatback." (ECF No. 249, PageID.12029.) From that starting premise, the NHK Companies argued that Lear's application of the claim language did not honor the requirement that one of the guide member and follower be part of the headrest arrangement while the other be part of the seatback. (*See, e.g.*, ECF No. 226-1, PageID.7448.) In contrast, at the summary-judgment hearing, the NHK Companies first argued that the claim language permitted both complementary pieces to be part of the headrest arrangement. (*See* ECF No. 276-2, PageID.17232.) And from that starting premise, the NHK Companies then argued that there was internal inconsistency with the claim language requiring "the other" of the complementary pieces to be part of the seatback. (*See id.*)

Second and more significantly, in their invalidity contentions, the NHK Companies focused on how Lear was applying the claim language to the accused products whereas at the summary-judgment hearing, the NHK Companies focused on the claim language itself. In their contentions they argued, "Lear's application of [the claim] requirements conflates [the] requirements by contending that everything is part of and connected to everything else. *This application renders the claims invalid for indefiniteness.*" (ECF No. 226-1, PageID.7448 (emphasis added).) But at the

14

summary-judgment hearing, the NHK Companies made an argument that the language—on its face—is indefinite: "So [claim 10 of the '733 patent] recites a physical impossibility within its scope. And for that reason, it's indefinite *on its face, putting aside Lear's application to the NHK products.*" (ECF No. 276-2, PageID.17232 (emphasis added).)

Third, at the summary-judgment hearing, the NHK Companies homed in on a specific phrase that they did not mention in their contentions. In their contentions, the NHK Companies quoted the following language from Claim 1 of the '733 patent: "the headrest arrangement having one of a guide member and a follower; the seatback having the other one of a guide member and follower." (ECF No. 226-1, PageID.7448.) But at the summary-judgment hearing, the NHK Companies focused on the words "at least," which appear in Claim 10 (but not Claim 1). (ECF No. 276-2, PageID.17232; *see also* ECF No. 276-4, PageID.17336.) Indeed, at the hearing, they pointed out that another asserted patent, the '949 patent, had claim language like the '733 patent's except that the '949 patent did not use the phrase "at least." (ECF No. 276-2, PageID.17232.) The NHK Companies then argued that in contrast to the '949 patent, the '733 patent included the term "at least," which was "important" because "that allows [the headrest arrangement] to have both a guide member and a follower." (*Id.*) In contrast, in their contentions, the NHK Companies did not make any argument about the claim language using "at least." (*See* ECF No. 226-1, PageID.7441–7449.) Nor did they contrast the '733 patent's inclusion of those words against the '949 patent's omission of those words. (*See id.*)

15

Putting all this together, the Court believes that there are some material differences between the indefiniteness argument that the NHK Companies made in their final invalidity contentions and the one they ultimately made at the summary-judgment hearing. The Court has little doubt that if the NHK Companies were clear in their contentions that they were not relying on Lear's application of the claim language, and that the language "on its face" (and in particular, the words "at least") permitted both the guide member and follower to be part of the headrest arrangement, then Lear's opening summary-judgment brief would have been quite different. Indeed, because the NHK Companies' invalidity contentions critiqued Lear's application of the claim language, Lear's summary-judgment brief argued that its application of the language was an infringement issue not an indefiniteness issue. (ECF No. 238, PageID.11272.) Surely Lear's argument would have been different had the NHK Companies' contentions instead presented the "physically impossible" argument made at the summary-judgment hearing.

And two other considerations help justify forfeiture here.

First, although Lear objected to the Special Master's report, the NHK Companies have not responded. In its objections, Lear argued that the indefiniteness argument the NHK Companies raised at the summary-judgment hearing "should be dismissed as . . . untimely" and further asserted that "NHK's indefiniteness defense for claim 10 of the '733 patent, including its new argument, should be dismissed entirely." (ECF No. 276, PageID.17189, 17195.) And this Court's order referring matters to the Special Master states, "any responses to any objections are due 7 days

16

after the objections are filed." (ECF No. 267, PageID.16710.) Yet the NHK Companies filed no response; and the time to do so has long passed.

Second, it is not obvious that the NHK Companies' indefiniteness argument would prevail at trial. If it were obvious that Claim 10 (and thus Claim 15) is indefinite because of the alleged "physical[] impossibil[ity]," then it might be too harsh to enforce forfeiture. *See Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1228 (6th Cir. 2022) ("[C]ourts have discretion to consider forfeited arguments in 'exceptional cases' or when application of the rule would produce a 'plain miscarriage of justice.'"). But to prevail at trial, the NHK Companies would have to carry the considerable burden of proving indefiniteness by clear and convincing evidence. *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017). Additionally, Lear has a plausible argument why the claim language is not indefinite. Lear explains that the phrase "at least" allows the claimed invention to have at least one, but possibly two or more, pairs of guide members and followers, not that both complementary pieces are part of the headrest arrangement. (ECF No. 276, PageID.17198–17199.) While the Court does not conclude that Claim 10 is not indefinite, it suffices to say that once a clear-and-convincing standard is factored in, it is not obvious that the NHK Companies' "physically impossible" argument would prevail. So it is not unduly harsh to find the argument forfeited.

## IV.

In sum, the Court finds that the NHK Companies did not timely raise their argument that Claim 10 of the '733 patent is indefinite because the claim language

17

allows both the guide member and follower to be part of the headrest arrangement yet requires the seatback to have one of those two complementary pieces. (ECF No. 276-2, PageID.17232.) Further, the NHK Companies withdrew their argument that Claim 10 is indefinite based on Lear's application of the claim language to the accused products. (*Id.*) And between their summary-judgment response brief and the hearing, the NHK Companies made no other arguments that Claim 10 is indefinite. Further, the NHK Companies have not responded to Lear's objection, which states, "NHK's new argument should be dismissed as being untimely *and summary judgment should be granted.*" (ECF No. 276, PageID.17189 (emphasis added).) Accordingly, the Court GRANTS Lear summary judgment on the NHK Companies' affirmative defense that Claim 10 of the '733 patent is indefinite.

As noted at the outset, the parties' other objections to the Special Master's report and recommendation do not ask this Court to review specific findings by the Special Master, but instead preserve their arguments for appeal in the event that this Court adopts the Special Master's report and recommendation as its opinion and order. (*See* ECF No. 275, PageID.16985; ECF No. 276, PageID.17188.) Accordingly, the Court ADOPTS the Special Master's report and recommendation. Thus, the Court

(1) DENIES the NHK Companies' motion to compel the deposition of Frank Angileri (ECF No. 178);

(2) DENIES Lear's motion for claim construction (ECF No. 235)[1] insofar as Lear sought a construction of original claim 2 of U.S. Patent No. 5,378,043 to allow for an impact target separate from the headrest; instead, consistent with the Special Master's report, original claim 1 (and thus original claim 2) of the '043 patent is construed "as having a headrest which includes a cushion portion and an impact target, such that the impact target is part of the headrest"; "[t]hat construction precludes the headrest and the impact target from being separate elements, i.e., the impact target not being part of the headrest";

(3) GRANTS IN PART and DENIES IN PART Lear's motion for summary judgment on technology issues (ECF No. 238) as follows:

a. Lear is DENIED summary judgment on the NHK Companies' enablement defense against the '949 and '733 patents,

b. because claim 2 of the '043 patent was broadened during reexamination, Lear is DENIED summary judgment on the NHK Companies' § 305 invalidity defense against the '043 patent,

c. Lear is DENIED summary judgment on the NHK Companies' defense that prior art anticipates or renders obvious the '357 patent, and

---

[1] The Court recognizes that the Special Master recommended *granting* Lear's claim-construction motion, but that was apparently only to the extent that Lear asked for the claim to be construed; although the Special Master did construe the claim, he did not adopt Lear's proposed construction; so the Court believes that the motion is more properly denied than granted.

    d. Lear is GRANTED summary judgment on the NHK Companies' defense of inequitable conduct against the '043 patent.

The Court further notes that the NHK Companies have withdrawn their defenses that the asserted claims of the '949, '357, and '818 patents are indefinite. (ECF No. 276-2, PageID.17232; ECF No. 276-5, PageID.17338.)

SO ORDERED.

Dated: August 3, 2022

                                                      s/Laurie J. Michelson
                                                      LAURIE J. MICHELSON
                                                      UNITED STATES DISTRICT JUDGE